Filed 4/20/16  In re A.D. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.D.,<br><br>        Defendant and Appellant. | A146197<br><br>(City & County of San Francisco No. JW12-6262) |

21-year-old A.D. (appellant) appeals from the juvenile court's order granting his petition under Proposition 47[1] to have his prior felonies reclassified as misdemeanors and his request to have his DNA sample destroyed, and denying his request to have his restitution fees and fines reduced and have his records sealed.  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file

---

[1]Proposition 47 made certain drug-and theft-related offenses misdemeanors, and also created a resentencing provision, Penal Code, section 1170.18, under which "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence" and request resentencing.  (Pen. Code, § 1170.18, subd. (a).)

1

a supplemental brief and did not do so. Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A juvenile wardship petition was filed July 20, 2012, alleging that then-17-year-old appellant took a cell phone from the person of another (Pen. Code, § 487, subd. (c)). He admitted he violated Penal Code, section 487, subdivision (c), a felony, and the juvenile court declared him a ward of the court and placed him on probation.

A subsequent wardship petition was filed December 24, 2012, alleging appellant attempted to take a person's backpack (Pen. Code, §§ 664, 212.5, subd. (c), count 1), assaulted the person by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 2), and threatened the person (§ 422, count 3). Appellant admitted count 1 as amended (Pen. Code, §§ 664, 487, subd. (c) [attempted grand theft from the person of another]), a felony, and the remaining counts were dismissed. The juvenile court continued appellant on probation.

On November 13, 2013, the probation officer filed a progress report noting appellant was doing well at home, was in school, and was in a job training program. The probation officer recommended that the wardship petitions be dismissed and jurisdiction be terminated. Thereafter, the juvenile court terminated probation and dismissed the petitions. The court also noted that appellant had paid all fines and fees.

On January 14, 2015, appellant filed a motion under Proposition 47 and Welfare and Institutions Code, section 778, asking to have his offenses reclassified as misdemeanors and his maximum period of confinement reduced, have his restitution fines and fees reduced from $220 to $22, and have his DNA sample destroyed. The juvenile court denied the motion. On July 31, 2015, appellant renewed his motion, requesting the same relief he did on January 14, 2015, but citing Penal Code, section 1170.18, in support of his request to have his offenses reduced to misdemeanors, and citing Welfare and Institutions Code, section 786, in support of his request to have his records sealed.

2

On August 18, 2015, the juvenile court granted the motion to reduce the offenses to misdemeanors and reduced the maximum period of confinement. The court denied the request to reduce the restitution fines and fees, and continued the matter as it related to appellant's requests to have his DNA sample destroyed and have his records sealed.

Thereafter, appellant filed a petition under Penal Code, section 1170.18, to have his offenses declared misdemeanors. At a September 4, 2015, hearing on the remaining issues, the juvenile court noted it had already reduced the offenses to misdemeanors but was going to do so again "now that the paperwork has been filled out . . . ." The court also granted appellant's request to have his DNA sample destroyed. The court denied appellant's motion to seal records, noting he was not eligible for sealing under Welfare and Institutions Code, section 786—which came into effect in January 2015, and did not apply retroactively—but that he could "try and seal his record under [Welfare and Institutions Code, section] 781 which was the law in 2013 when this case was terminated."

## DISCUSSION

Appellant's counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently review the entire record to determine if it contains any issues which would, if resolved favorably to the appellant, result in reversal or modification. A review of the record has disclosed no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with his responsibilities. (*Ibid.*; *People v. Kelly* (2006) 40 Cal.4th 106.) The juvenile court did not err in denying appellant's request to have his restitution fines and fees reduced. The court did not err in denying his motion to seal under Welfare and Institutions Code, section 786. (See *People v. Ledesma* (2006) 39 Cal.4th 641, 664 ["A new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively"].) Appellant was adequately represented by counsel at every stage of the proceedings. There are no issues that require further briefing.

## DISPOSITION

The orders are affirmed.

3

_____
McGuiness, P.J.

We concur:

_____
Pollak, J.

_____
Siggins, J.

A146197, *In re A.D.*